UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PITTMAN ASSETS MSSC, L.L.C.**                              **CIVIL ACTION**

**VERSUS**                                                              **NUMBER: 22-3662**

**SCOTTSDALE INSURANCE COMPANY**                 **SECTION: "H" (5)**

### ORDER AND REASONS

Before the Court is the Motion to Compel (rec. doc. 75) filed by Defendant Scottsdale Insurance Company. Plaintiff Pittman Assets MSSC, L.L.C. ("Pittman") opposes the motion. (Rec. doc. 77), and Scottsdale filed a reply. (Rec. doc. 78). Having reviewed the pleadings and the case law, the Court rules as follows.

**I.    Background**

This matter arises out of damage to Plaintiff's property located at 3015 E. Causeway Approach, 3061 E. Causeway Approach, and 3051 E. Causeway Approach, all in Mandeville, Louisiana (the "insured properties"). (Rec. doc. 1 at ¶ 6). Plaintiff claims that Hurricane Ida, which made landfall on August 29, 2021, caused extensive damage to the insured properties. (*Id.* at ¶ 8).

Due to its nature as a Hurricane Ida-related matter, this case proceeded under the Court's Case Management Order No. 1 ("CMO") regarding Hurricane Ida claims. Before participation in mediation and pursuant to the Court's Streamlined Settlement Program ("SSP") for Hurricane Ida claims, counsel for Girod Titling Trust ("Girod") sent a letter to Scottsdale's counsel on or about June 12, 2023 in which it demanded that Scottsdale honor Girod's asserted right to be included as a payee on all checks for insurance proceeds as a loss payee, mortgagee, and/or additional insured under the Policy. (Rec. doc. 43-6).

In accordance with the CMO, the parties engaged in a court-ordered mediation on July 12, 2023. (Rec. doc. 40-1). This process concluded, as Plaintiff agrees, with a mediator's proposal on or about July 31, 2023, to which all parties agreed. (Rec. doc. 43-8). Thereafter, Scottsdale issued a check for $710,000.00 to Plaintiff, Plaintiff's counsel, and Girod on or about August 29, 2023, within the thirty (30) days requirement of La. Rev. Stat. §§ 22:1973(B)(2) and 22:1892. Plaintiff rejected this check as it included Girod as a payee. (Rec. doc. 43-10).

On March 10, 2025, Plaintiff filed a Motion to Compel Scottsdale to Deposit Settlement Funds into the Court's Registry. (Rec. doc. 63). In that motion, Plaintiff claimed that "Scottsdale's failure to fund the settlement has had severe consequences," because "[w]ithout the funds needed to repair the Hurricane Ida damages to its properties, Plaintiff was unable to escape losing the property by a foreclosure," such that Scottsdale violated its duties under Louisiana law. (Rec. doc. 63-1 at 2). The District Judge denied that motion. (Rec. doc. 74). Now, in the motion before the undersigned, Scottsdale seeks Pittman's tax returns from 2016 through the present in relation to Plaintiff's allegation that Scottsdale's failure to fund the settlement sent its properties into foreclosure.

**II.     Law and Analysis**

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). It is clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In assessing the proportionality of discovery, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties'

2

Case 2:22-cv-03662-JTM-MBN    Document 79    Filed 09/17/25    Page 3 of 4

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The advisory committee comments to the 2015 amendment to Rule 26 make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party who claims that the information sought is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." *Id.* advisory committee's note to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

In paragraph 63 of the first amended complaint, Pittman prays for this relief: "As a result of SCOTTSDALE's failure to timely fund the settlement, MSSC is entitled to all damages, penalties, attorney's fees, interest and costs <u>from SCOTTSDALE for timely failing to fund the settlement agreement</u>." (Rec. doc. 37 at ¶ 63) (emphasis added). Pittman has repeatedly said, including in the opposition to this motion to compel, that "as a result of Scottsdale's failure to fund the settlement or interplead the funds, <u>MSSC was unable to repair the Hurricane Ida damages to the property and ultimately lost it in a foreclosure</u>." (Rec. doc. 77 at 1-2) (emphasis added). The suggestion that this fact "does not place MSSC's financial position at issue in this case," as Pittman suggests, is specious. Scottsdale's request is relevant to Pittman's claims in this lawsuit.

However, the Court does not find Scottsdale's request to be entirely proportionate. There is no need for production of Pittman's tax returns all the way back to 2016, well

3

before Hurricane Ida struck Louisiana. Accordingly, the Court will compel the production of Plaintiff's tax returns from 2020 through the present.

### III. Conclusion

For the foregoing reasons

**IT IS ORDERED** that the Motion to Compel (rec. doc. 75) is **GRANTED IN PART** as outlined above.

**IT IS FURTHER ORDERED** that the oral hearing set on September 18, 2025 is **CANCELLED**.

New Orleans, Louisiana, this 17th day of September, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE